IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HERA PRINT, INC., <br>     Plaintiff, <br> v. <br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br>     Defendants. | Case No. 23-cv-11244 <br><br> Judge John J. Tharp Jr. |

**DEFENDANTS VINTATRE, GRECERELLE, KUOTAI, AND POPYOUNG'S
EMERGENCY MOTION TO ENFORCE EXPIRATION OF TRO**

Pursuant to the Court's September 26, 2023 TRO (ECF 9), its October 10, 2023 Extension of TRO (ECF 17), and the Court's Orders dated October 25 (ECF 42) and October 26 (ECF 47), Defendants Vintatre, Grecerelle, Kuotai, and Popyoung (Def. Nos. 5, 10, 11, and 19, collectively "Defendants"), respectfully submit the following emergency motion to enforce the October 24, 2023 expiration of the TRO. In support of their motion, Defendants state as follows:

  1.  Defendants operate Amazon storefronts that lawfully sell apparel in numerous styles and fashions.

  2.  On September 26, the Court issued a sealed TRO restraining *inter alia* Defendants' financial accounts.[1] ECF 13. On October 10, the Court granted an extension of the TRO through October 24. ECF 17. The October 10 Order states that the TRO "will not be further extended absent consent." *Id*. at 2. The total period covered by the TRO is 28-days.

---

[1] The TRO was granted after Plaintiff submitted, under seal, updated evidence of infringement. ECF 7-8.

3. Plaintiff filed a motion for preliminary injunction on October 16, before the expiration of the extended TRO. ECF 19. Defendants filed their opposition on October 23. ECF 41. The basis of Defendants' opposition is that Plaintiff did not give Defendants notice of any alleged evidence of infringement against the Defendants, and therefore Plaintiff could not carry its burden to justify preliminary injunctive relief. ECF 41 at 2-3. As of the date of filing of the present motion, Plaintiff still has not provided Defendants with any alleged evidence of infringement.[2]

4. On October 25, the Court declined to enter a preliminary injunction order against the moving Defendants. ECF 42 ("plaintiff's motion for entry of a preliminary injunction [19] is granted, except as to certain objecting defendants [41]"). The October 25 Order did not extend the TRO against the moving Defendants. *Id.*[3] In fact, extension of a TRO beyond the 28-day period is only permissible if the enjoined party consents. *See H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 844 (7th Cir. 2012) ("28 days is the outer limit for a TRO without the consent of the enjoined party, regardless of whether the TRO was issued with or without notice.") Where, as here, there is no consent and the Court "fails either to extend the TRO or to issue a preliminary injunction in its place, the TRO expires at the close of the 28-day period." *Id*. Therefore, the TRO in this case expired on October 24.

5. On October 25, Defendants' counsel communicated with Plaintiff's counsel of its understanding that the TRO had expired. *See* Declaration of Shruti Aggarwal ISO Emergency Motion ("Aggarwal Decl.") ¶ 3, *see also* Ex. A (Oct. 25 email). Defendants requested that Plaintiff

---

[2] Counsel for Defendants has contacted the ECF clerk to request that the clerk unseal the docket entry that purportedly contains the infringement evidence submitted in support of the TRO, in accordance with the Court's October 25 and 26 orders to do so. ECF 43 and 48, ¶ 7.

[3] On October 26, the Court entered another order, clarifying that two additional defendants, who filed a separate opposition the same day the moving Defendants filed their opposition, also were excluded from the preliminary injunction order. ECF 47. The October 26 Order did not extend the TRO against the moving Defendants either.

confirm that it would notify Amazon that the restrictions imposed by the TRO should be lifted without delay. *Id*. As of October 26, Plaintiff's counsel has not responded to Defendants' request. *Id*. ¶ 4. Amazon and other ecommerce platforms generally do not lift restrictions on retailer accounts without receiving instructions from the Plaintiff. *Id*. ¶ 5. By ignoring Defendants' requests, Plaintiff effectively obtains a further extension of the TRO, which the Court did *not* grant. This extension would effectively continue the once-extended TRO for at least another 36-days. *See* ECF 47 (setting forth a briefing schedule for Plaintiff's Motion for Preliminary Injunction with a November 30, 2023 completion deadline).

6. Defendants' Amazon accounts remain restricted and frozen as of October 26, notwithstanding that the TRO expired on October 24. *Id*. ¶ 6. Defendants' frozen assets have grown to a combined total of approximately $1,600,000 (one-million six-hundred-thousand dollars). *Id*. ¶ 7, Ex. B (screenshots of Defendants' financial accounts). Moreover, the asset freeze applies to Defendants' Amazon financial accounts *in their entirety*, thereby preventing Defendants from accessing sales revenue from apparel sales that are *not* subject to Plaintiff's copyright infringement claim. *See* ECF 13 ¶ 6 (freezing all ecommerce platform financial accounts without limitation absent further court order). The continuing restraint of $1.6 million is causing significant and ongoing hardship to Defendants. The restrictions of such large assets also disincentivizes Plaintiff from engaging in meaningful and merit-based settlement negotiations. Because the TRO has expired and the Court has denied entry of a preliminary injunction order, there is no justification to impose such financial hardship on Defendants, and there is no justification for Plaintiff to enjoy an extended period of *de facto* injunctive relief.

WHEREFORE, Defendants respectfully request that the Court order Plaintiff to notify Amazon of the expiration of the restrictions imposed by the TRO without further delay and grant all further relief appropriate in the circumstances. Alternatively, if the Court is inclined to restrain

some of Defendants' assets while Plaintiff's motion for preliminary injunction as to the Defendants is pending, Defendants respectfully request that the Court allow Defendants to post a bond of $14,000[4] (or deposit the same to the Court's registry account) while the motion is pending and release Defendants from the asset restraint in the TRO upon submission of the bond or fund. *See FlexLatch LLC v. The P'ships and Unicorp. Ass'ns Identified on Sch. A*, Case No. 23-cv-06296, Dkt. 28 (N.D. Ill., filed on Aug. 8, 2023) (Wood, J.) (releasing a Schedule A defendant from the asset restraint in the TRO pending resolution of the preliminary injunction motion as to the defendant, provided that the defendant deposits $2,000 into the Court's registry account).[5]

Date: October 27, 2023

Respectfully submitted,

**VINTATRE, GRECERELLE, KUOTAI, and POPYOUNG (Def. Nos. 5, 10, 11, and 19)**

By: /s/ Daniel I. Konieczny
      One of Its Attorneys

| | |
|---|---|
| Hua Chen | Daniel I. Konieczny (#6275293) |
| ScienBiziP, P.C. | TABET DIVITO & ROTHSTEIN LLC |
| 550 S. Hope Street, Suite 2825 | 209 S. LaSalle Street, 7th Floor |
| Los Angeles, California 90071 | Chicago, IL 60604 |
| Telephone: (213) 426-1771 | Telephone: (312) 762-9450 |
| huachen@scienbizippc.com | dkonieczny@tdrlaw.com |

---

[4] The amount Defendants propose is half the amount of the surety bond Plaintiff submitted to the Court to cover all Defendants. *See* ECF 23.

[5] A copy of Judge Wood's minute order is filed herein as Ex. C to the Aggarwal Declaration.