IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HERA PRINT, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A, <br><br> Appearing Defendants. | Case No. 23-cv-11244 <br><br> **Judge John J. Tharp, Jr.** <br><br> **Magistrate Judge Sunil R. Harjani** |

**PRELIMINARY INJUNCTION ORDER**

On October 19, 2023, plaintiff Hera Print, Inc. ("HERA") filed a Motion for Entry of a Preliminary Injunction against the against the fully interactive, e-commerce stores operating under the seller aliases identified in the Amended Schedule A to the Complaint and using at least the online marketplace accounts identified in the Amended Schedule A (the "Online Marketplaces").

The Court took the motion under advisement and set October 23, 2023—the day before the Temporary Restraining Order (ECF No. 13) that was in place against all defendants identified on the Amended Schedule A expired ("TRO")—as the deadline for any defendants to appear and object to the motion (ECF No. 30). On or slightly before the October 23 deadline, defendants Shenzhenshishangyikufushi Co. Ltd, Dongguanshishangzhifushi Co., Ltd, Shen Zhen Min Long E-Commerce Co., Ltd, and Shenzhen Weiteli Clothing Co., Ltd (collectively,

"Appearing Defendants") objected to the plaintiff's motion for preliminary injunction (ECF No. 41).[1]

The Court granted the preliminary injunction as to the non-objecting Appearing Defendants (essentially all active Defendants except for the Appearing Defendants) (ECF No. 42), extended the TRO as to the Appearing Defendants (ECF No. 56) pursuant to *H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 844-45 (7th Cir. 2012), and set a briefing schedule on their objections. The Court also granted the Appearing Defendants leave to post $3,500 bonds (each), and, once they did, the Court found the asset restraint in the continuing TRO unnecessary, so it lifted the asset restraint as to the Appearing Defendants (ECF No. 57).

The Appearing Defendants objected to the entry of a preliminary injunction on the basis that they had inadequate notice—the plaintiff had not provided them with evidence of the alleged infringements (*i.e.*, Exhibit 2 to the Byung Song Decl., ECF No. 8). Resp., ECF No. 41. In their sur-reply, they also argue that reinstating the total asset restraint is unnecessary in light of their posted bonds. ECF No. 70. They do not argue against the issuance of a preliminary injunction on substantive grounds—only on the basis that HERA failed to adhere to procedural notice requirements.

---

[1] Two other defendants, Fengze Qu Yunyan Fushi Shanghang d/b/a/ Dokotoo (Def. No. 2) and Jinjiang Shi Hongxiang Fushi Zhizao CO,. LTD. d/b/a Roskiki (Def. No. 21), also appeared through counsel and objected (*see* ECF No. 35). HERA has since filed a notice of settlement with those two defendants, ECF No. 58. The Court also extended the TRO against them, and those two defendants posted $3,500 bonds with the Court so that their restrained assets would be released. Given the notice of settlement, the Court excludes them from consideration in this Order, and the Court stayed all deadlines that affect them until they are dismissed (ECF No. 61) (though the extended TRO remains in effect, and their bonds have not been released).

Upon review of the Appearing Defendants' objections and the plaintiff's arguments in support of its motion for preliminary injunction as applied to them, the Court grants in part and denies in part the preliminary injunction (ECF No. 19) as to the Appearing Defendants. The Court finds that HERA's notice for the preliminary injunction was not defective because it adhered to the Court's instructions regarding the documents that it needed to publicly post. It provided notice of the motion and the deadline for defendants to respond. To the extent that it should have been required to provide additional information, such as which specific information about the alleged infringements, that mistake (if it is one) is excusable for two reasons: (1) the Court had not unsealed the Exhibit 2 to the Decl. of Song at the time of the required notice, and (2) the Court had not explicitly directed HERA to provide that content in its notice, and HERA had technically complied with the terms of the Court's notice directions.

The Court does, however, find that it is unnecessary and disproportionate to restrain the Appearing Defendants' assets given the bond that they have previously posted with the Court. The Court therefore denies in part HERA's motion for preliminary injunction insofar as it requests relief in the form of an asset restraint.

In the absence of adversarial presentation on the merits of HERA's claim, the Court finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of HERA's previously granted Motion for Entry of a TRO establishes that HERA has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that HERA will suffer irreparable harm if the injunction is not granted.

Specifically, HERA has proved a *prima facie* case of copyright infringement because it has demonstrated that (1) HERA is the owner of the valid and enforceable Hera Print Copyrights, and (2) Appearing Defendants, without any authorization from HERA, or any right under the law, have deliberately copied, displayed, distributed, reproduced, and/or made derivate works incorporating the Hera Print Copyrights. Furthermore, Appearing Defendants' continued and unauthorized use of the Hera Print Copyrights irreparably harms HERA through diminished goodwill and brand confidence, damage to HERA's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, HERA has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Appearing Defendants' actions. Accordingly, this Court orders that:

1. Appearing Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

    a. reproducing, distributing copies of, making derivative works of, or publicly displaying the Hera Print Copyrights in any manner without the express authorization of HERA;

    b. committing any acts calculated to cause consumers to believe that Appearing Defendants' products are those sold under the authorization, control, or supervision of HERA, or are sponsored by, approved by, or otherwise connected with HERA; and

    c. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner,

        products or inventory not manufactured by or for HERA, nor authorized by HERA to be sold or offered for sale, and which bear any of HERA's copyrights, including the Hera Print Copyrights, or any reproductions, counterfeit copies, or colorable imitations.

2. Upon HERA's request, Appearing Defendants and any third party with actual notice of this Order who is providing services for any of Appearing Defendants, or in connection with any of Appearing Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc., AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), Amazon.com, Inc., ContextLogic Inc. d/b/a Wish.com ("Wish.com"), and Dhgate (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to HERA expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

    a. the identities and locations of Appearing Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

    b. the nature of Appearing Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Appearing Defendants' financial accounts and Appearing Defendants' sales and listing history related to their respective Online Marketplaces; and

    c. any financial accounts owned or controlled by Appearing Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Alipay, Wish.com, Alibaba, Ant Financial Services Group ("Ant Financial"), Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

3. Upon HERA's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Appearing Defendants in connection with the sale of counterfeit and infringing goods bearing the Hera Print Copyrights.

4. Any Appearing Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

5. The $28,000 bond posted by HERA shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

                                                             SO ORDERED:

                                                             *[signature]*

Date: December 12, 2023                                           John J. Tharp, Jr.
                                                             United States District Judge